**RULE 1140. BENCH WARRANTS FOR FAILURE TO APPEAR**

A. **Issuance of [w]Warrant.**

   1) Before a bench warrant may be issued by a judge, the judge shall find that the subpoenaed or summoned person received sufficient notice of the hearing and failed to appear.

   2) For the purpose of a bench warrant, a judge may not find notice solely based on first-class mail service.

   **3) The judge shall not issue an arrest warrant for a dependent child who absconds.**

B. **Party.**

   1) **Where to [t]Take the [p]Party.**

      a) When a party is taken into custody pursuant to a bench warrant, the party shall be taken without unnecessary delay to the judge who issued the warrant or a judge designated by the President Judge to hear bench warrants.

      b) If the party is not brought before a judge, the party shall be released unless the warrant specifically orders detention of the party.

      c) If the warrant specifically orders detention of a party, the party shall be detained pending a hearing.

         i)   **Minor.** If the party is a minor, the party shall be detained in a shelter care facility or other placement as deemed appropriate by the judge.

         ii)  **Adult.** If the party is an adult, the witness shall be detained at the county jail.

   2) **Prompt [h]Hearing.**

      a) If a party is detained pursuant to a specific order in the bench warrant, the party shall be brought before the judge who issued the warrant, a judge designated by the President Judge to hear bench warrants, or an out-of-county judge pursuant to paragraph (B)(4) within seventy-two hours.

b) If the party is not brought before a judge within this time, the party shall be released.

3) **Notification of [g]Guardian.** If a party is a child and is taken into custody pursuant to a bench warrant, the arresting officer shall immediately notify the child's guardian of the child's whereabouts and the reasons for the issuance of the bench warrant.

4) **Out-of-[c]County [c]Custody.**

a) If a party is taken into custody pursuant to a bench warrant in a county other than the county of issuance, the county of issuance shall be notified immediately.

b) Arrangements to transport the party shall be made immediately.

c) If transportation cannot be arranged immediately, then the party shall be taken without unnecessary delay to a judge of the county where the party is found.

d) The judge will identify the party as the subject of the warrant, decide whether detention is warranted, and order that arrangements be made to transport the party to the county of issuance.

5) **Time [r]Requirements.** The time requirements of Rules 1242, 1404, 1510, and 1607 shall be followed.

C. **Witnesses.**

1) **Where to [t]Take the [w]Witness.**

a) When a witness is taken into custody pursuant to a bench warrant, the witness shall be taken without unnecessary delay to the judge who issued the warrant or a judge designated by the President Judge to hear bench warrants.

b) If the witness is not brought before a judge, the witness shall be released unless the warrant specifically orders detention of the witness.

c) A motion for detention as a witness may be filed anytime before or after the issuance of a bench warrant.  The judge may order detention of the witness pending a hearing.

    i) **Minor.**  If a detained witness is a minor, the witness shall be detained in a shelter care facility or other placement as deemed appropriate by the judge.

    ii) **Adult.**  If a detained witness is an adult, the witness shall be detained at the county jail.

2) **Prompt [h]Hearing.**

a) If a witness is detained pursuant to paragraph (C)(1)(c) or brought back to the county of issuance pursuant to paragraph (C)(4)(f), the witness shall be brought before the judge by the next business day.

b) If the witness is not brought before a judge within this time, the witness shall be released.

3) **Notification of [g]Guardian.**  If a witness who is taken into custody pursuant to a bench warrant is a minor, the arresting officer shall immediately notify the witness's guardian of the witness's whereabouts and the reasons for the issuance of the bench warrant.

4) **Out-of-[c]County [c]Custody.**

a) If a witness is taken into custody pursuant to a bench warrant in a county other than the county of issuance, the county of issuance shall be notified immediately.

b) The witness shall be taken without unnecessary delay and within the next business day to a judge of the county where the witness is found.

c) The judge will identify the witness as the subject of the warrant, decide whether detention as a witness is warranted, and order that arrangements be made to transport the witness to the county of issuance.

d) Arrangements to transport the witness shall be made immediately.

3

e) If transportation cannot be arranged immediately, the witness shall be released unless the warrant or other order of court specifically orders detention of the witness.

    i) **Minor.** If the witness is a minor, the witness may be detained in an out-of-county shelter care facility or other placement as deemed appropriate by the judge.

    ii) **Adult.** If the witness is an adult, the witness may be detained in an out-of-county jail.

f) If detention is ordered, the witness shall be brought back to the county of issuance within seventy-two hours from the execution of the warrant.

g) If the time requirements of this paragraph are not met, the witness shall be released.

D. **Advanced Communication Technology.** A court may utilize advanced communication technology pursuant to Rule 1129 unless good cause is shown otherwise.

E. **Return & [e]Execution of the [w]Warrant for [p]Parties and [w]Witnesses.**

1) The bench warrant shall be executed without unnecessary delay.

2) The bench warrant shall be returned to the judge who issued the warrant or to the judge designated by the President Judge to hear bench warrants.

3) When the bench warrant is executed, the arresting officer shall immediately execute a return of the warrant with the judge.

4) Upon the return of the warrant, the judge shall vacate the bench warrant.

## COMMENT

Pursuant to paragraph (A), the judge is to ensure that the person received sufficient notice of the hearing and failed to attend. The judge may order that the person be served in-person or by certified mail, return receipt. The judge may rely on first-class mail service if additional evidence of sufficient notice is presented. For example, testimony that the person was told in person about the hearing is sufficient notice. Before issuing a bench warrant, the judge should determine if the guardian was notified.

Under Rule 1800, 42 Pa.C.S. § 6335(c) was suspended only to the extent that it is inconsistent with this rule.  Under paragraph (A)(1), the judge is to find a subpoenaed or summoned person failed to appear and sufficient notice was given to issue a bench warrant.  The fact that the party or witness may abscond or may not attend or be brought to a hearing is not sufficient evidence for a bench warrant.  The normal rules of procedure in these rules are to be followed if a child is detained.  *See* Chapter Twelve**[, Part D]**.

**Paragraph (A)(3) does not preclude the issuance of a bench warrant for a case in which the child is subject to the jurisdiction of the dependency and delinquency court, see Rule 141 (Bench Warrants for Absconders), or an order for protective custody.  Nor does the paragraph preclude judicial inquiry into efforts to locate a missing dependent child.**

**[Pursuant to paragraph (B)(1)(a), the party is to be taken immediately to the judge who issued the bench warrant or a judge designated by the President Judge of that county to hear bench warrants.  Pursuant to paragraph (B)(1)(b), if a bench warrant specifically provides that the party may be detained, the party may be detained without having to be brought before the judge until a hearing within seventy-two hours under paragraph (B)(2)(a).  Pursuant to this paragraph, if a hearing is not held promptly, the party is to be released.  *See* paragraph (B)(2)(b).]**

In paragraphs (B)(1)(c)(i), (C)(1)(c)(i), & (C)(4)(e)(i), "other placement as deemed appropriate by the judge" does not include a detention facility if a child is only alleged to be dependent because the use of detention facilities for dependent children is strictly prohibited.  *See* 42 Pa.C.S. § 6302 & 6327(e).

Under paragraphs (B)(2) and (B)(4), a party taken into custody pursuant to a bench warrant is to have a hearing within seventy-two hours regardless of where the party is found.  *See* Rule 1242(D).

Pursuant to paragraph (B)(4), the party may be detained out-of-county until transportation arrangements can be made.

**[Pursuant to paragraph (B)(5), the time requirements of all other rules are to apply to children who are detained.  *See, e.g.*, Rules 1242, 1404, 1510, and 1607.**

**Pursuant to paragraph (C)(1)(a), the witness is to be taken immediately to the judge who issued the bench warrant or a judge designated by the President Judge of that county to hear bench warrants.  Pursuant to paragraph (C)(1)(b), if the judge is not available, the witness is to be released immediately unless the warrant specifically orders detention.  Pursuant to paragraph (C)(1)(c), a motion**

**for detention as a witness may be filed. If the witness is detained, a prompt hearing pursuant to paragraph (C)(2) is to be held by the next business day or the witness is to be released.** *See* **paragraph (C)(2)(b).]**

Pursuant to paragraph (C)(4)(b), a witness is to be brought before an out-of-county judge by the next business day unless the witness can be brought before the judge who issued the bench warrant within this time. When the witness is transported back to the county of issuance within seventy-two hours of the execution of the bench warrant, the witness is to be brought before the judge who issued the bench warrant by the next business day. *See* paragraph (C)(4)(f).

**[Pursuant to paragraph (E)(2), the bench warrant is to be returned to the judge who issued the warrant or to the judge designated by the President Judge to hear warrants by the arresting officer executing a return of warrant.** *See* **paragraph (E)(3).]**

Pursuant to paragraph (E)(4), the bench warrant is to be vacated after the return of the warrant is executed so the party or witness is not taken into custody on the same warrant if the party or witness is released. "Vacated" is to denote that the bench warrant has been served, dissolved, executed, dismissed, canceled, returned, or any other similar language used by the judge to terminate the warrant. The bench warrant is no longer in effect once it has been vacated.

See 42 Pa.C.S. § 4132 for punishment of contempt for children and witnesses.

Throughout these rules, the "child" is the subject of the dependency proceedings. When a witness or another party is under the age of eighteen, the witness or party is referred to as a "minor." When "minor" is used, it may include a child. This distinction is made to differentiate between children who are alleged dependents and other minors who are witnesses. See also Rule 1120 for the definitions of "child" and "minor."

**Official Note:** Rule 1140 adopted March 19, 2009, effective June 1, 2009. Amended April 21, 2011, effective July 1, 2011. **Amended April 23, 2018, effective July 1, 2018.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1140 published with the Court's Order at 39 Pa.B. 1614 (April 4, 2009). Final Report explaining the amendments to Rule 1140 published with the Court's Order at 41 Pa.B. **2319** (**May 7, 2011**). **Final Report explaining the amendments to Rule 1140 published with the Court's Order at __ Pa.B. __ ( __ , 2018).**

6